## Mount Joy Borough Tax Assessment Case

*Arnold, Brucker, Beyer & Barnes*, for plaintiff.
*Brown & Zimmerman*, for defendant.

## Discussion

WISSLER, P. J., October 25, 1963.—This court on February 1, 1963, filed a decree confirming the annexation to the Borough of Mount Joy from which no appeal was taken. The annexed territory included areas which were formerly parts of East Donegal Township and Mount Joy Township. The petition presently before the court concerns only the area annexed from East Donegal Township.

The matter in controversy is whether the Borough of Mount Joy or the Township of East Donegal has the right to collect the 1963 road taxes on that parcel of the area annexed from East Donegal Township.

It is the contention of defendants that the Supervisors of East Donegal Township at a meeting held January 12, 1963, introduced their 1963 budget and, at the same time, passed a resolution levying a six mill tax for road purposes. At a subsequent meeting held February 14, 1963, said supervisors adopted the budget for February 14, 1963. On the other hand, plaintiffs contend that the action of the Supervisors of East Donegal Township on January 12, 1963, did not amount to a levy of the tax prior to the effective date of the annexation, namely, February 1, 1963, and were not then intended to be a levy, and, further, if so intended, under the law the supervisors could not have made the tax levy on that date nor at any time before the annexation became effective.

By section 6 of the Act of July 20, 1953, P. L. 550, 53 PS §67506, the effective date of the annexation would have been February 1, 1963. The crux of the whole case depends upon the meaning of section 7 of the Act of July 20, 1953, P. L. 550, 53 PS §67507, hereinbefore quoted, in conjunction with the law as to taxation and finance by second class townships. The minutes of the meetings of the Supervisors of East Donegal Township on January 12, 1963, and February 14, 1963, provide, inter alia, as follows:

"Page No. 141—Maytown, Pa., January 12, 1963

'Budget and Tax Resolution

"A special meting was called to prepare the Budget. The Budget of East Donegal Township road district is on display and may be inspected at the Union National Bank at Maytown, and will be there until Feb. 14, 1963.

"The board met on Jan. 12 to prepare the above budget for 1963—amounting to $81,320.29.

"The road millage was set the same as (62) of which is 6 mills.

"Page No. 143—Maytown, Pa., February 14, 1963

"The regular meeting of the Supervisors of East Donegal Township was held in the Maytown Office. All members of the Board were present.

"Resolution Adopting Budget

"The Township Board Adopted the Budget for Feb. 14—1963. A resolution of the Township of East Donegal, Lancaster County, Pennsylvania, excepting [accepting] all tax rates and the same is hereby levied on all property within the said Township—for Township purposes for the year ending Dec. 31—1963."

Section 902 of The Second Class Township Code, Act of May 1, 1933, P. L. 103, as amended, 53 PS §65902, among other things, requires that "The board of township supervisors shall annually, immediately after their organization meeting in January, and at least

thirty days prior to the adoption of the annual budget prepare a proposed budget for all funds or annual estimate of revenues and expenditures for the fiscal year, beginning on the first Monday of January, which shall be filed with the treasurer. Said budget shall reflect as nearly as possible the estimated revenues and expenditures of the township for the year for which the budget is prepared. It shall be unlawful to prepare and advertise notice of a proposed budget when the same is knowingly inaccurate . . . Upon the preparation of the proposed budget, the supervisors shall give public notice by advertisement once in at least one newspaper of general circulation in the township or county that the proposed budget will be available for public inspection at a designated place in the township. After the budget has been available for public inspection for twenty days the supervisors shall, after making such revisions therein as appear advisable, adopt the budget and the necessary appropriation measures required to put it into effect."

Section 908 of The Second Class Township Code, 53 PS §65908, provides for appeals to the court to reduce the budget and tax rate within 15 days after the board of township supervisors has adopted the budget and determined the amount of the tax levy for the township and significantly uses the words "to reduce the proposed tax levy."

It would seem to follow then that the supervisors not only did not levy a tax on January 12, 1963, and, according to their minutes of that meeting, did not intend or purport to levy a tax, but were simply following The Second Class Township Code as to submission of their budget for public inspection after notice by publication and that they intended to levy the tax on February 14, 1963, and did so on that date.

The Act of July 20, 1953, P. L. 550, sec. 7, 53 PS §67507, must be read in connection with the provisions

of The Second Class Township Code, 53 PS §§65902 and 65908, imposing certain duties upon supervisors in reference to their annual budget and its submission for public inspection, and, in so doing, the action of the Supervisors of East Donegal Township on January 12, 1963, did not amount to a levy, but only the preparation of a budget for submission on February 14, 1963. If the legislature intended otherwise, it could clearly have so stated.

The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551, provides:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions . . ."

In so construing the Act of July 20, 1953, P. L. 550, sec. 7, 53 PS §67507, the court determines that the Supervisors of East Donegal Township did not levy a tax on January 12, 1963, prior to the effective date of the annexation, namely, February 1, 1963.

### Declaratory Judgment or Decree

And now, October 25, 1963, for the foregoing reasons, it is ordered, adjudged and decreed that a declaratory judgment is entered in favor of plaintiffs, declaring

(a) That as of February 1, 1963, East Donegal Township had not validly levied a township tax for 1963;

(b) That Mount Joy Borough is entitled to assess and collect in said annexed area for the year 1963 the same taxes that it assesses and collects in the remainder of the said borough;

(c) That East Donegal Township is not entitled to assess or collect 1963 township taxes in said area; and

(d) That the Board of Supervisors of East Donegal Township, and all officers and employes of the said

township, and particularly the respondent tax collector of said township, are enjoined from collecting, or attempting to collect, from any person, firm or corporation, and from enforcing or attempting to enforce, against any person, firm, corporation or property, any township tax for the year 1963 with respect to any property in said annexed area, and that East Donegal Township and its tax collector are ordered to refund to the respective taxpayers any such taxes which the tax collector of East Donegal Township may have collected or received from any such person, firm or corporation.

That the costs of this proceeding shall be paid by plaintiffs and the defendants.

That the decision of the court be marked filed, and the prothonotary is directed to give notice of the filing thereof forthwith to the parties or their attorneys. If no exceptions are filed within 30 days after service of notice, this declaratory judgment or decree shall be entered by the prothonotary as a final decree without further order of the court.